IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SAFARI CLAYBORNE                                                                              PLAINTIFF

VERSUS                                                          CIVIL ACTION NO. 2:06cv232-KS-MTP

MISSISSIPPI DEPARTMENT OF CORRECTIONS,
COMMISSIONER CHRISTOPHER EPPS,
SUPERINTENDENT RONALD KING,
OFFICER T.L. EVERETTE, CAPTAIN SIMS,
MRS. FLORENCE JONES, LT. PLATT,
AND JANE/JOHN DOES                                                                         DEFENDANTS

ORDER

This cause comes before this court on review of the plaintiff's complaint submitted according to 42 U.S.C. § 1983 as well as his amended complaint [document #8-1 and -2] in the above entitled action. The plaintiff names as the defendants the Mississippi Department of Corrections, Commissioner Christopher Epps, Superintendent Ronald King, Officer T. L. Everette, Captain Sims, Mrs. Florence Jones, Lt. Platt, and Jane/John Does. Having reviewed and considered the plaintiff's complaint and amended complaint, this court comes to the following conclusions.

In order to maintain an action pursuant to § 1983, the plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. West v. Atkins, 487 U.S. 42, 48 (1988); Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988). The plaintiff has stated at least on the face of the complaint and amended complaint [document #8] an arguable claim against defendants Commissioner Christopher Epps, Superintendent Ronald King, Officer T. L. Everette, Captain Sims, Mrs. Florence Jones, and Lt. Platt. Therefore, the plaintiff can maintain at this time his complaint against these defendants.

However, the plaintiff cannot maintain this civil action against the Mississippi

Department of Corrections. The Mississippi Department of Corrections is responsible for managing and operating the correctional system for the State of Mississippi, MISSISSIPPI CODE ANNOTATED § 47-5-1 (1972). As such, naming as a defendant the Mississippi Department of Corrections is like naming the State of Mississippi as a defendant. The United States Supreme Court has held that a State is not a "person" within the meaning of § 1983. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58 (1989). Accordingly, it is

**ORDERED**

1. That the Mississippi Department of Corrections be dismissed with prejudice as a defendant in this action.

2. That the plaintiff within 20 days of the date of this order shall provide this court with the civil action number of every civil action or appeal which the plaintiff has had dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted. Plaintiff shall also provide the name of the court and name(s) of defendant(s) in each civil action identified.

3. That the United States District Clerk is hereby directed to issue summons to the defendant,

> Commissioner Christopher Epps
> 723 N. President Street
> Jackson, MS 39201
>
> Superintendent Ronald King
> South Mississippi Correctional Facility
> 22689 Highway 63 N
> Leakesville, MS 39451
>
> Officer T. L. Everette
> South Mississippi Correctional Facility
> 22689 Highway 63 N
> Leakesville, MS 39451
> Captain Sims
> South Mississippi Correctional Facility

    22689 Highway 63 N
    Leakesville, MS 39451

    Mrs. Florence Jones
    South Mississippi Correctional Facility
    22689 Highway 63 N
    Leakesville, MS 39451

    Lt. Platt
    South Mississippi Correctional Facility
    22689 Highway 63 N
    Leakesville, MS 39451

<u>requiring a response to the complaints</u>.  The Clerk is directed to attach a copy of this order a copy of the amended complaint [document #8] to a copy of the complaint [document #1] that will be served on the named defendants.  The United States Marshal shall serve the same pursuant to 28 U.S.C. § 1915(d).[1]

    The plaintiff is advised that a summons will not be ordered to be issued for a "Jane/John Doe" defendant at this time.  Once the plaintiff has determined the proper name and address of the Jane or John Doe defendants, he must file a motion with this court requesting that process be ordered to issue for these defendants.  This motion must contain the proper name of the Jane or John Doe defendants and well as their address.

    4.  That the defendants each file his or her answer or other responsive pleading in this cause in accordance with the *Federal Rules of Civil Procedure* and the Local Rules of this Court.

  **However, motions addressing the exhaustion of the plaintiff's administrative remedies shall be filed within 15 days from the date of the Answer.**

    5.  That subpoenas shall not be issued except by order of the Court.  The United

---

[1] The plaintiff has been granted <u>in forma pauperis</u> status by a previous order of this court.

States District Clerk shall not issue subpoenas upon request of the pro se litigant, but shall instead forward the request to the Magistrate Judge assigned to this cause for review.  The plaintiff shall submit all request for the issuance of subpoenas to the Magistrate Judge's office  for review.

6.  That as provided in 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, this Court may designate and assign a magistrate judge to hear a prisoner petition challenging the conditions of confinement.  This Court hereby refers this cause to **United States Magistrate Judge Michael T. Parker** for all further proceedings provided for by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure to include conducting hearings and submitting to the district judge assigned to this cause proposed findings of fact and recommendations for the disposition of this cause.

7.  **The plaintiff should understand that this order allowing process to issue against the above named defendant does not reflect any opinion of this Court that the claims contained in the complaint will or will not be determined to be meritorious.**

**It is the plaintiff's responsibility to prosecute this case.  Failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case.**

SO ORDERED, this the 14th  day of May, 2007.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE