IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**SAFARI CLAYBORNE**                                                                    **PLAINTIFF**

**VS.**                                                        **CIVIL ACTION NO. 2:06CV232-KS-MTP**

**MDOC, et al.**                                                                    **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the court upon a motion to dismiss for failure to exhaust available administrative remedies and for stay [36], filed by defendants Debra Platt, Brenda Sims, Florence Jones, Christopher B. Epps and Ronald King. Plaintiff is proceeding *pro se* and *in forma pauperis*. Having considered the motion and plaintiff's responses, all documents made a part of the record in this case and the applicable law, the undersigned recommends that the motion be granted and that plaintiff's complaint be dismissed without prejudice.

Factual Background

Plaintiff filed suit *pro se* on October 12, 2006, pursuant to 42 U.S.C. § 1983, making a number of claims relating to the conditions of his confinement while he was an inmate at South Mississippi Correctional Institution in Leakesville, Mississippi ("SMCI").[1] In his original complaint [1], plaintiff alleged the following: that he is in a disabled medical class and the unit where he was housed at SMCI had no trained medical staff; that he was being housed under constant fear of bodily harm; that he was being housed among gang-members who participate in gang-related activities against plaintiff and others; that on or about September 11, 2006, Captain

---

[1] Plaintiff is currently incarcerated at the Mississippi State Penitentiary in Parchman, Mississippi.

Sims told him that if he continued harassing her officers, she would have him "crossed out" and have inmates hurt him; that later on September 11, gang members called plaintiff to the bathroom and told him that things had gotten out of hand, and if it did not stop, there would be bodily harm; that on or about September 12, 2006, plaintiff was assaulted in the bathroom by several other inmates, who accused him of masturbating in the bathroom, while several officers watched from the tower window, and that he was again assaulted by other inmates a little later when he returned to his cell and one of them told plaintiff that if he told anyone about the assault, he would kill him; and that following this assault Lieutenant Bonner took his statement and before finishing, she told him to shut up because she had heard all she wanted to hear from him. *See* Complaint ¶¶ 3-14.[2]

Defendants Christopher Epps, Ronald King, Florence Jones, Brenda Sims and Debra Platt filed a motion to dismiss [36] on September 27, 2007. The other named defendant remaining in this action - T. Everette - has never been served or otherwise appeared in this action.[3]

Analysis

42 U.S.C. § 1997e(a) requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. "[P]*roper* exhaustion of administrative remedies is necessary," meaning that a prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v.*

---

[2] Plaintiff's Amended Complaint [8], filed on November 16, 2006, is substantially the same as the original Complaint. The main difference is that in the Amended Complaint, plaintiff makes a policy and procedure claim against defendants King, Epps and Jones. Plaintiff also added more details about the alleged events of September 11 and 12, 2006.

[3] The summons was returned unexecuted on July 3, 2007 with the notation "No longer employed" [33].

*Ngo*, 126 S.Ct. 2378, 2382 (2006) (emphasis added); *see also Johnson v. Ford*, 2008 WL 118365, at * 2 (5th Cir. Jan. 14, 2008) (stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement) (*citing Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty. Med. Dep't*, 2008 WL 116333, at * 1 (5th Cir. Jan. 11, 2008) (under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules.") (citation omitted).

Miss. Code Ann. § 47-5-801 grants the MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") "through which an offender may seek formal review of a complaint relating to any aspect of their incarceration." *See* MDOC Inmate Handbook, Ch. VIII, ¶ 3. The ARP is a three step process. Inmates initially submit their grievance to the division head or adjudicator in writing, within thirty days after an incident has occurred. If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with this response, he may appeal to the Superintendent or Warden of the institution, who will then issue a Second Step Response. If still aggrieved, the inmate may appeal to the Commissioner of MDOC, where a Third Step Response is issued. At this time, the Administrator of the ARP will issue the inmate a certificate stating that he has completed the exhaustion of his administrative remedies and can now proceed to court. *See* MDOC Inmate Handbook, Ch. VIII; *see also Cannady v. Epps*, 2006 WL 1676141, at * 1 (S.D. Miss. June 15, 2006).

The record reflects that plaintiff filed an ARP on July 5, 2006, alleging that he is disabled, but that he was being housed in a unit with no trained medical staff, and that he was in constant

fear of bodily harm because of gang members being housed with him. Plaintiff requested an immediate transfer to East Mississippi Correctional Facility. *See* doc. no. 12-2, p. 1. The Legal Claims Adjudicator of the ARP sent petitioner a memo stating that this request was "being set aside for handling in due course," because plaintiff already had a previously accepted ARP under review at that time. Plaintiff was informed that if he wanted his new ARP request handled at that time, he should withdrawn in writing all pending ARPs.[4] *See* doc. no. 12-2, p. 11. Plaintiff apparently did not do so.

Plaintiff then submitted another ARP request, which was received by the ARP program on September 26, 2006. In that request, plaintiff repeated the allegations of his July 5, 2006 ARP, as well as recounting the events of September 11 and 12, 2006. As relief, plaintiff sought immediate transfer from SMCI, an order prohibiting retaliatory actions against him, and money damages. This request was denied because it requested a remedy for more than one incident.[5] *See* doc. no. 12-2, p. 2. Plaintiff was advised that if he wished to resubmit a corrected request he could do so, provided that it was "timely and according to proper procedure."[6] Plaintiff apparently did not resubmit a corrected request.

As stated by the U.S. Supreme Court:

---

[4] None of these other ARPs have been submitted to this court. The MDOC Inmate Handbook, ch. VIII, ¶ VII(A) provides: "If an offender submits multiple requests during the period of Step One review of his request, the first request will be accepted and handled. The others will be logged and set aside for handling at the Adjudicator's discretion."

[5] This is one of the reasons for which an ARP request can be rejected during the screening process, prior to the First Step. *See* MDOC Inmate Handbook, ch. VIII, ¶ V(D).

[6] "If a request is rejected for technical reasons or matters of form, the offender shall have five (5) days from the date of rejection to file his corrected grievance." *See* MDOC Inmate Handbook, ch. VIII, ¶ VI.

4

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction....

*Woodford*, 126 S.Ct. at 2388. Because plaintiff did not properly follow the MDOC's administrative review process and failed to complete all three steps of the ARP, he has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997(e)(a). *See id.*; *see also see also Johnson*, 2008 WL 118365, at * 4 (dismissing prisoner complaint for failure to exhaust administrative remedies based on untimely filing of grievance); *Lane*, 2008 WL 116333, at * 1 (affirming dismissal of prisoner complaint for failure to exhaust administrative remedies by failing to complete administrative review process); *Agee v. Berkebile*, 2008 WL 199906, at * 3 (N.D. Tex. Jan. 24, 2008) (holding that by failing to resubmit a corrected version of procedurally defective grievance, prisoner "voluntarily halted the administrative process prematurely" and therefore did not exhaust his administrative remedies).

Moreover, to the extent that plaintiff is arguing that his failure to exhaust should somehow be excused, such an argument is unavailing. This is not a situation "in which the system deliberately devised procedural requirements designed to 'trap' and 'defeat [the] claims' of unwary prisoners." *Johnson*, 2008 WL 118365, at * 4 *(citing Woodford*, 126 S.Ct. at 2392) (brackets in original). Nor does plaintiff allege, or offer any evidence, that "prison officials ... ignore[d] or "interfere[d] with [his] pursuit of an administrative remedy." *Id.* (*citing Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982)). Further, there is no basis for excusing plaintiff's

5

failure to exhaust "based on a policy of preventing inefficiency or a failure to further the interests of justice or the purposes of the exhaustion requirement." *Id.* (*citing Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)). Accordingly, the appropriate remedy is for this court to dismiss plaintiff's claims without prejudice for failure to exhaust.

## RECOMMENDATION

For the foregoing reasons, it is the recommendation of this court that defendants' motion to dismiss for failure to exhaust available administrative remedies [36] and that plaintiff's complaint be dismissed without prejudice.[7]

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of

---

[7] Although defendant Everette has not joined in this motion (indeed, as noted *supra*, defendant Everette has not even appeared in this action), the court is nevertheless authorized to dismiss plaintiff's claims against him, as well. Because the plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted." *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). Even after the Supreme Court's decision in *Bock*, district courts are still authorized to dismiss a complaint where failure to exhaust is apparent from the face of the complaint, and are also allowed *sua sponte* to inquire into whether a claim has been exhausted and dismiss the complaint after giving the inmate notice and an opportunity to address the issue. *See*, *e.g.*, *Moore v. Bennette*, 2008 WL 518189, at * 5 (4th Cir. Feb. 28, 2008); *Anderson v. Donald*, 2008 WL 73672, at * 2 (11th Cir. Jan. 8, 2008), *cert. denied*, 2008 WL 552935 (Mar. 3, 2008); *Bell v. Holden*, 2008 WL 544679, at * 2 (M.D. La. Feb. 28, 2008) (*citing Tanner v. Fed'l Bureau of Prisons*, 475 F.Supp. 2d 103, 105 (D.D.C. 2007)) (adopting Magistrate Judge's Report and Recommendation). Both of these situations apply in the instant case.

the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 12th day of May, 2008.

s/ Michael T. Parker
United States Magistrate Judge