IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


SAFARI CLAYBORNE                                                                               PLAINTIFF

VS.                                                                    CIVIL ACTION NO. 2:06cv232-KS-MTP

COMMISSIONER CHRISTOPHER EPPS,
SUPERINTENDENT RONALD KING,
OFFICER T.L. EVERETTE, CAPTAIN SIMS,
FLORENCE JONES, LT. DEBRA PLATT, and
JOHN/JANE DOES                                                                              DEFENDANTS


### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE

This cause is before the Court on a motion to dismiss for failure to exhaust administrative remedies, and for stay [Doc. #36] filed by Defendants Debra Platt, Brenda Sims, Florence Jones, Christopher Epps, and Ronald King; Report and Recommendation filed by Magistrate Judge Michael T. Parker [Doc. #44]; Objection thereto filed by Plaintiff Safari Clayborne [Doc. # 45]; and the Court does hereby find as follows:


### I. PROCEDURAL HISTORY

Plaintiff filed suit *pro se* on October 12, 2006, pursuant to 42 U.S.C. § 1983. He asserts several claims relating to the conditions of his confinement while he was an inmate at South Mississippi Correctional Institution in Leakesville, Mississippi ("SMCI"). In his Report and Recommendation, Magistrate Judge Parker found that the Plaintiff had not completed all three steps of the Administrative Remedy Program as established by the Mississippi Department of Corrections. Accordingly, Magistrate Judge Parker recommends dismissal for failure to exhaust

administrative remedies as required under 42 U.S.C. § 1997e(a). *See also Woodford v. Ngo*, 548 U.S. 81 (2006). Plaintiff's single cognizable objection to the Report and Recommendation is that the exhaustion requirement should be disregarded in this case due to the imminent danger to which Plaintiff alleges he is currently exposed.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III. PETITIONER'S OBJECTION AND ANALYSIS

Plaintiff's argument that he need not exhaust his administrative remedies because he is in imminent danger is without merit. First, Plaintiff is no longer incarcerated at SMCI; he is currently incarcerated at the Mississippi State Penitentiary in Parchman, Mississippi. [Docs. #44,

#45]. In his Objection, Plaintiff does not even allege, let alone demonstrate, that he continues to be in imminent danger despite his relocation. Second, Plaintiff has not cited – nor has this Court found – any authority supporting an "imminent danger" exception to the exhaustion requirement. Indeed, other courts in this circuit have refused to recognize such an exception. *See, e.g.*, *Patterson v. La. Corr. Servs.*, No. 06-1348, 2006 U.S. Dist. LEXIS 94635, at *15 (W.D.La. Oct. 20, 2006), *adopted by* 2006 U.S. Dist. LEXIS 93418 (Dec. 27 2006), (rejecting a plaintiff's argument that "he is exempt from the exhaustion requirement . . . because he was faced with an emergency."); *see also Randle v. Pratt*, No. 6:05cv454, 2007 U.S. Dist. LEXIS 58948, at *11-12 (E.D.Tex. Aug. 10, 2007); *see generally Days v. Johnson*, 322 F. 3d 863, 866 (5th Cir. 2003) (per curiam) ("Since the amendment of § 1997e, [the United States Court of Appeals for the Fifth Circuit] has taken a strict approach to the exhaustion requirement."). As a result, this Court concludes Plaintiff's objection is meritless.

## IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that Clayborne's objection lacks merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves, and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Safari Clayborne's claim is **dismissed without prejudice**.

SO ORDERED AND ADJUDGED on this, the 25th day of August, 2008.

              *s/Keith Starrett*
              UNITED STATES DISTRICT JUDGE